IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ROBERT JACKSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NOS. CV418-189 |
| | ) |
| BENJAMIN FORD, Warden, | ) |
| | ) |
| Respondent. | ) |

### O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 9), to which objections have been filed (Doc. 10). After a careful de novo review of the record, the Court concludes that Petitioner's objections are without merit. Accordingly, the Report and Recommendation is **ADOPTED** as the Court's opinion in this case. As a result, Petitioner's 28 U.S.C. § 2254 Petition is **DENIED**. In addition, Petitioner is not entitled to a Certificate of Appealability, rendering moot any request for in forma pauperis status on appeal. The Clerk of Court is **DIRECTED** to close this case.

In the report and recommendation, the Magistrate Judge recommends denial of Petitioner's 28 U.S.C. § 2254 habeas petition. (Doc. 9 at 1.) Regarding his first objection to the Magistrate Judge's report and recommendation,

Petitioner does not offer new arguments that were not considered by the Magistrate Judge. Petitioner argues that the state habeas court reached an unreasonable decision by finding that Petitioner's appellate counsel was not ineffective for failing to pursue a challenge to his kidnapping convictions based on the asportation requirements in Garza v. State, 284 Ga. 696, 670 S.E.2d 73 (2008). Petitioner argues that an attorney's strategy must be "reasonable under Georgia law," and that Petitioner's appellate counsel's decision not to pursue the asportation challenge was unreasonable. However, Petitioner has cited to no caselaw that demonstrates that the decision by Petitioner's appellate counsel was objectively unreasonable.

Petitioner also argues that Magistrate Judge Ray erred in finding that Petitioner's appellate counsel was not ineffective for failing to raise trial counsel's identification of Petitioner and failure to object to hearsay. Petitioner argues that "[a] trial that does not identify a defendant is generally not overwhelming." (Doc. 10 at 2.) However, as the Magistrate Judge noted, the trial included corroborating evidence of his codefendants as well as DNA evidence linking Petitioner to clothing left at the scene. (Doc. 9 at 15.) Thus, the Court concurs with the

2

Magistrate Judge's finding that, given the other evidence, the likelihood of a different outcome was not substantial.

Finally, Petitioner objects to the Magistrate Judge's finding that Petitioner's jury trial waiver was valid. (Doc. 10 at 3.) Specifically, Petitioner argues that he was not advised that waiving his right to a jury trial "eviscerates his right to appeal" and that the error lies in appellate counsel's failure to "consider the effect of a bench trial on appellate rights as a component of the waiver." (Id.) Petitioner cites to the deposition of his appellate counsel, Mr. Patrick Sullivan. (Id.) However, Mr. Sullivan testified that he had no specific recollection of whether Petitioner told him in detail about the conversations he had with his trial counsel regarding the effective waiver of appellate rights by consenting to a bench trial. (Doc. 7, Attach. 8 at 30-31.) Thus, contrary to what Petitioner suggests, Petitioner's appellate counsel was not informed by Petitioner that Petitioner was never advised by his trial counsel that his appeal rights would be limited by proceeding to a bench trial.

SO ORDERED this 5th day of May 2020.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3